**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

THE TOWNHOMES AT MORNINGSIDE
VILLAGE OWNERS ASSOCIATION, INC.,

     Plaintiff,

v.

AMGUARD INSURANCE
COMPANY,

     Defendant.

---

**NOTICE OF REMOVAL**

---

Defendant, AmGUARD Insurance Company, ("AmGUARD"), through its attorneys and pursuant to 28 U.S.C. §§ 1441(a) and 1446 and D.C.COLO.L.Civ.R. 81.1, removes this civil action from the District Court, Larimer County, Colorado, to the United States District Court for the District of Colorado.  As grounds, AmGUARD states as follows:

1. AmGUARD is the Defendant in a civil action pending in the District Court, Larimer County, Colorado, and styled *The Townhomes at Morningside Village Owners Association, Inc., v. AmGUARD Insurance Company,* Case No. 2020 CV 30777.  A complete copy of the file from the Larimer County District Court is attached as **Exhibits A - J.**  Specifically, the state court civil cover sheet is **Exhibit A**, the state court Complaint is **Exhibit B**, the Summons is **Exhibit C**, the Notice Judicial Case Management Order is **Exhibit D**, the Affidavit of Service is **Exhibit E**, The Waiver and Acceptance of Service is **Exhibit F**, corporate information pertaining to AmGUARD

from the Pennsylvania Secretary of State's office is **Exhibit G**, the register of actions is **Exhibit H**.  The federal Civil Cover Sheet is **Exhibit I**.  The State Court Notice of Removal is **Exhibit J**.

2.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), because it is filed within one year of the commencement of this action and within thirty days of the date on which this case first became removable – December 28, 2020.  Accordingly, AmGUARD's thirty-day period for removal commenced on that date, with a corresponding deadline to remove of January 27, 2021.

3.      The described civil action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a), as the action is one between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.      Plaintiff alleges the following claims for relief against AmGUARD: (1) declaratory relief; (2) breach of contract; (3) unreasonable delay and denial of payment of covered benefits pursuant to C.R.S. Sections 10-3-1115 and 10-3-1116; (4) common law bad faith.

**Diversity of Citizenship**

5.      As alleged in the Complaint, Plaintiff is a Colorado nonprofit corporation with its principal place of business in Westminster, Colorado. **Exhibit B,** *Complaint,* **¶1.**  Defendant AmGUARD is a foreign corporation organized under the laws of Pennsylvania with its principal place of business located in Wilkes-Barre, Pennsylvania.  *See* Business Entity Details page from Pennsylvania Secretary of State website attached as **Exhibit G.**  As Plaintiff is a citizen of Colorado, and Defendant is a citizen of Pennsylvania, there is complete diversity of citizenship among the parties.  28 U.S.C. § 1332.

**Amount in Controversy Exceeds Jurisdictional Requirements**

6. Plaintiff's Complaint alleges (1) declaratory relief; (2) breach of contract; (3) unreasonable delay and denial of payment of covered benefits pursuant to C.R.S. Sections 10-3-1115 and 10-3-1116; (4) common law bad faith. **Exhibit B** at **¶¶ 58-92**. At ¶¶ 35 of its Complaint, Plaintiff alleges that according to the last estimate prepared by AmGUARD's construction consultant, it has suffered a loss of $360,362.58, while AmGUARD has paid nothing. Assuming that Plaintiff is seeking the amount of this estimate as damages for breach of contract, the amount in controversy exceeds $75,000.

7. Plaintiff has also filed a civil cover sheet with the Complaint indicating that Plaintiff seeks a monetary judgment in excess of $100,000. **Exhibit A,** *Civil Cover Sheet. See, Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272-1273 (10th Cir. 2016) (civil cover sheet sufficient to demonstrate amount in controversy). In addition, Plaintiff seek breach of contract damages, plus two times the covered benefit pursuant to C.R.S. § 10-3-1116, plus attorney fees and costs. **Exhibit B, ¶ 83.** A reasonable estimate of the attorney's fees that would be required to litigate this action through trial coupled with the damages plaintiff seeks to recover exceeds the jurisdictional threshold of $75,000. "The Supreme Court has long held that when a state permits recovery of attorney's fees, a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)).

8. "The amount in controversy is not proof of the amount the plaintiff will recover. Rather it is an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Company*, 529 F.3d 947, 956 (10th Cir. 2008). Here, the allegations of

Plaintiffs' Complaint and the Civil Cover Sheet providing that Plaintiff seeks a monetary judgment in excess of $100,000 demonstrate that the amount in controversy exceeds the $75,000 jurisdictional threshold in 28 U.S.C. § 1332(a).

8. Based on the foregoing, this Court has jurisdiction over this action under 28 U.S.C. § 1332(a), because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00. Accordingly, the matter is properly removed to this Court under 28 U.S.C. §§ 1441(a) and 1446.

9. Promptly upon filing this Notice of Removal, AmGUARD shall give written notice of the filing to Plaintiff as required by law. AmGuard is concurrently filing a notice attaching this Notice of Removal with the Clerk of the District Court, Larimer County, Colorado. A copy of that notice is attached hereto as **Exhibit J**.

WHEREFORE, Defendant AmGuard requests that this Court accept its Notice of Removal and assume jurisdiction over this action.

Respectfully submitted this 26th day of January, 2021.

        FORAN GLENNON PALANDECH
        PONZI & RUDLOFF PC

        By: *s/ Kevin S. Hoskins*
        Matthew Ponzi
        Kevin S. Hoskins, Colorado Reg. # 49210
        700 17th Street, Ste. 1350
        Denver, Colorado 80202
        Telephone: (720) 336-2249
        mponzi@fgppr.com
        khoskins@fgppr.com
        ***Attorneys for Defendant***

5

## CERTIFICATE OF SERVICE

      I hereby certify that, on January 26, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jonathan E. Bukowski
MERLIN LAW GROUP, P.A.
1001 17th Street, Suite 1150
Denver, CO 80202
Phone: 720-665-9680
Fax: 720-665-9681
E-Mail: jbukowski@merlinlawgroup.com

                                            */s/ Rachel Salabak*
                                            Rachel Salabak