**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:21-cv-00256-DDD-SKC

THE TOWNHOMES AT MORNINGSIDE
VILLAGE OWNERS ASSOCIATION, INC.,

      Plaintiff,

v.

AMGUARD INSURANCE COMPANY

      Defendant.

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE AND APPEARANCES**
**OF COUNSEL AND PRO SE PARTIES**

A telephonic scheduling conference is set in this case for Tuesday, November 8, 2022, at 11:30 a.m. before the Honorable Magistrate Judge S. Kato Crews. At the time of the conference the parties have been ordered to call the Court at 888-251-2909 then enter access code 5662814#. It is anticipated that the following attorneys will appear to represent following the parties:

| Appearing for Plaintiff: | Appearing for Defendant: |
|---|---|
| Jonathan E. Bukowski<br>Merlin Law Group, PA<br>1001 17th Street, Ste. 1150<br>Denver, CO 80202<br>Telephone:     720-665-9680<br>E-Mail: jbukowski@merlinlawgroup.com | Steven C. Swanson<br>Foran Glennon Palandech Ponzi &<br>Rudloff, PC<br>700 17th Street, Suite 1350<br>Denver, CO 80202<br>Telephone: 720-336-2230<br>E-Mail: mponzi@fgppr.com |

## 2. STATEMENT OF JURISDICTION

Jurisdiction is proper in the United States District Court, District of Colorado pursuant to 28 U.S.C. §1332(a)(1). Plaintiff is a nonprofit corporation organized under the laws of Colorado with its principal place of business in Westminster, Colorado. Defendant is not a citizen of the State of Colorado, and is a corporation organized under the laws of Pennsylvania, with its principal place of business in Wilkes-Barre, Pennsylvania. The amount in controversy exceeds $75,000.

## 3. STATEMENT OF CLAIMS AND DEFENSES

**Plaintiff:** This is an insurance action arising from AmGUARD Insurance Company's ("AmGUARD") breach of contract in providing full benefits to Plaintiff on a wrongful investigation and improper insurance claim handling. Plaintiff has also asserted claims resulting from AmGUARD's delay and denial of the payment of covered benefits to Plaintiff without a reasonable basis for that action in violation of Colorado Revised Statute § 10-3-1115 and § 10-3-1116 and common law bad faith.

Plaintiff is the duly organized homeowners association for the development known as Morningside Townhomes which consists of eight townhome buildings located in Fort Collins, Colorado (hereinafter the "Property"). Each building has a fiberglass shingled roof. Plaintiff purchased an all-risk, replacement cost value policy of insurance from AmGUARD under Policy Number TOBP090640 (the "Policy"), which provided coverage for direct physical loss of or damage to the Property. On July 5, 2019, during the Policy period, the Property suffered damage resulting from a severe hail and windstorm (the "Storm"). Among other things, hailstones from the Storm struck and damaged the roof coverings of the buildings at the Property, metal roof vent caps, windows, and gutters (the "Loss"). Plaintiff promptly reported its Loss to AmGUARD.

In September 2019 AmGUARD's construction consultant performed inspection of the Property. During the inspection, AmGUARD's construction consultant determined that five of the seven roofing systems at the Property sustained hail stone impact damage necessitating replacement. A report was also prepared by a professional engineer retained by Plaintiff which confirmed the damages previously identified and presented by AmGUARD's construction consultant. This report was provided to AmGUARD along with a request for reevaluation of the Claim. Additionally, Plaintiff provided AmGUARD with a repair estimate for replacement of the roofing systems. On December 13, 2019, AmGUARD's construction consultant prepared an Xactimate repair estimate totaling $360,362.58. On or about December 13, 2019, AmGUARD had sufficient information within its possession to tender covered benefits for the Loss.

Throughout June, July, August, September and October 2020, Plaintiff pleaded with AmGUARD for the release of monies identified within the repair estimate prepared by AmGUARD's construction consultant without any response or acknowledgment from AmGUARD. On September 14, 2020, Plaintiff provided AmGUARD with a written demand to participate in an appraisal to determine the amount of loss caused by the Storm. Having received no actual cash value payment or response to its communications, Plaintiff filed this action on November 12, 2020, seeking declaration that the Parties participate in an appraisal and for damages arising from AmGUARD's breach of contract, statutory bad faith, and common law bad faith. (ECF No. 3).

**Defendant:** AmGUARD promptly undertook an investigation of the claim after receiving notice of Plaintiff's insurance claim on July 26, 2019, and inspected Plaintiff's claimed losses in a timely manner. AmGUARD retained the services of Haag Construction Consulting to

assist with inspecting the eight (8) building comprising the property and estimating the necessary costs to repair the covered damage. AmGUARD further adjusted the claim by accounting for the policy coverage, depreciation, and the applicable policy deductible.

Plaintiff and AmGUARD's experts disagreed regarding the actual cash value and replacement cost value of the damage. Plaintiff demanded appraisal under the Policy's appraisal provision:

> Appraisal
> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
> > a. Pay its chosen appraiser; and
> > b. Bear the other expenses of the appraisal and umpire equally.
> If there is an appraisal, we will still retain our right to deny the claim.

The appraisal panel recently set the agreed amount of loss at $423,468 (ACV) and $678,560 (RCV), the latter of which includes $632,486 of repair costs and $46,074 of code upgrades. AmGUARD previously paid Plaintiff $165,654.72.

At all times, AmGUARD acted reasonably, in good faith, and in accordance with its contractual obligations under the insurance Policy issued to Plaintiff. AmGUARD has also asserted the following defenses:

1. Plaintiff's claims are subject to and may be barred and/or limited by the contractual terms, conditions, provisions, exclusions and/or limitations contained within the Policy, including but not limited to those concerning Cosmetic Damage, Wear and Tear, Continuous or Repeated Seepage or Leakage, Negligent Work, Loss Payment, and the Policy deductible.

2. Plaintiff's claims may be barred, in whole or in part, by the failure to state a claim upon which relief can be granted.

3. Plaintiff's claims may be barred, in whole or in part, to the extent the hail damage pre-dates the applicable Policy period.

4. Plaintiff's claims may be barred, in whole or in part, by the failure to comply with relevant Policy conditions.

5. Plaintiff may have failed to mitigate his damages, if any, as required by law.

6. To the extent that Plaintiff obtains a judgment for damages against AmGUARD, AmGUARD is entitled to a set-off for any amounts previously paid to Plaintiff by AmGUARD.

7. AmGUARD reserves the right to assert additional affirmative defenses or to withdraw affirmative defenses based on further investigation or discovery.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. AmGUARD issued Policy TOBP090640 to Plaintiff for the policy period of April 1, 2019 to April 1, 2020 ("Policy").

2. Subject to its terms, conditions, limitations and exclusions, the Policy provided the Policy provided certain coverage for Plaintiff's Property located at (the "Property"):

> 3814 Rock Creek Drive, Fort Collins, Colorado 80528
> 3815 Precision Drive, Fort Collins, Colorado 80528
> 3826 Rock Creek Drive, Fort Collins, Colorado 80528
> 3827 Precision Drive, Fort Collins, Colorado 80528
> 4863 Northern Lights Drive, Fort Collins, Colorado 80528
> 4903 Northern Lights Drive, Fort Collins, Colorado 80528
> 5026 Brookfield Drive, Fort Collins, Colorado 80528
> 5038 Brookfield Drive, Fort Collins, Colorado 80528

3. Defendant is a corporation organized under the laws of Pennsylvania, with its principal place of business located at Wilkes-Barre, Pennsylvania, and is authorized to do business in Colorado. Plaintiff is a corporation organized under the laws of the State of Colorado with its principal place of business in Westminster, Colorado.

4. AmGUARD received notice of loss from Morningside and opened Claim Number TOBP0906040-001-001-001 regarding the hail loss.

5. On December 13, 2019, AmGUARD's construction consultant prepared an Xactimate repair estimate totaling $360,362.58 (RCV).

6. On or about September 14, 2020, Morningside provided AmGUARD with its written demand to participate in the appraisal process.

7. On July 21, 2022, the appraisal panel reached an agreement on the amount of loss totaling $678,560.00 (RCV).

## 5. COMPUTATION OF DAMAGES

**Plaintiff's Calculation**: Plaintiff alleges statutory interest and costs related to its cause of action for breach of contract. Plaintiff further alleges that AmGUARD delayed the payment of $502,566.98 without a reasonable basis for its actions in violation of Colorado Revised Statute § 10-3-1115 and § 10-3-1116.

Plaintiff seeks a total of $1,005,133.96 in damages as broken down below.

Plaintiff seeks statutory interest and costs in an amount to be later determined on its cause of action for breach of contract. Plaintiff seeks an award of twice the amount of covered benefits that have been unreasonably delayed in the amount of $1,005,133.96, attorneys' fees, costs, and pre-judgment interest at the highest rate allowed by law and costs incurred in this matter, including

expenses related to its retention of a public adjuster and engineer. Plaintiff seeks an award for the bad faith breach of the insurance contract in an amount to be determined a jury.

**Defendant's Calculation:** AmGUARD is not presently seeking any damages beyond those costs and/or fees recoverable at law.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. **Date of Rule 26(f) meeting:**

The parties conferred on October 19 and 31, 2022.

b. **Names of each participant and party he/she represented.**

Jonathan E. Bukowski, Esq., on behalf of Plaintiff

Steven Swanson, Esq., on behalf of Defendant

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

Rule 26(a)(1) disclosures were made on February 18, 2021, by both Plaintiff and Defendant. The Parties exchanged documents identified in their Initial Disclosures at that time.

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R.Civ. P. 26(a)(1).**

None.

e. **Statement concerning any agreements to conduct informal discovery:**

No such agreements have been reached at this time.

f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The Parties shall use a unified system of exhibits beginning with the number one (1) in depositions. The Parties agree to exchange discovery and exhibits electronically and to Bates

number the documents they produce. Any document marked confidential shall be marked such that text shall not be fully or partially obscured so as to render OCR and searches of text more difficult. As the Parties anticipate that confidential/proprietary information may need to be produced, the Parties agree to work to generate an appropriate proposed protective order to submit to the Court.

g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The Parties do not anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic format.

h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The Parties will keep an open dialogue regarding settlement as discovery progresses.

### 7. CONSENT

One or more Parties have **not** consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

No changes to the presumptive twenty-five (25) interrogatories per side, including discrete subparts, contained in the federal rules. The Parties agree to limit depositions to six (6) per side, excluding experts, without leave of Court.

b. **Limitations which any party proposes on the length of depositions**.

The Parties agree that depositions shall not exceed seven (7) hours for four (4) deponents, exclusive of experts. All other depositions are limited to four (4) hours without prior agreement or absent leave of Court. Each 30(b)(6) deposition shall be limited to seven hours above regardless of the number of designees. The Parties reserve the right to petition the court for additional deposition time should the other party designate more than one 30(b)(6) designee.

c. **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The Parties agree to limit the number of requests for production to twenty-five (25), including subparts, and requests for admission to twenty-five (25), including subparts. ~~exclusive of requests for admission for the purpose of authenticating documents.~~

d. **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

Forty-five (45) days prior to the discovery cut-off.

e. **Other Planning or Discovery Orders**

No opposed discovery motions are to be filed with the Court until the Parties comply with D.C.COLO.LCivR. 7.1(a) and the Practice Standards for Civil Cases set forth by Magistrate Judge Crews. If the Parties efforts to meet and confer are unsuccessful, counsel (not legal staff) shall jointly call Chambers at (303) 335-2124 to explain their conferral efforts, the nature of the discovery dispute, and will be prepared to identify the specific type of motion counsel would seek to file if a discovery motion were allowed. The Parties understand that both of these steps must be completed before any contested discovery

motions are filed with the Court pursuant to Section F(3)(c) of Magistrate Judge Crews Practice Standards for Civil Cases. The Parties anticipate entering into a protective order to safeguard sensitive confidential and/or proprietary information.

## 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings:**

**Friday, December 23, 2022**.

b. **Discovery Cut-off:**

**Friday, July 14, 2023**.

c. **Dispositive Motion Deadline:**

**Friday, August 4, 2023**.

d. **Expert Witness Disclosure**

   1. The Parties shall identify anticipated fields of expert testimony, if any.

      (a) Plaintiff anticipates calling expert witnesses in the following areas: (1) engineering; (2) insurance claim handling/industry standards; (3) construction costs and pricing; (4) code enforcement; and (5) rebuttal experts as necessary.

      (b) Defendant anticipates calling expert witnesses in the following areas: (1) insurance claim handling/industry standards; (2) engineering and construction costs and pricing; (3) meteorology; (4) code enforcement; and (5) experts necessary for rebuttal.

   2. Limitations which the Parties propose on the use or number of expert witnesses. The Parties propose that they be permitted to designate no more than one retained

       expert witness per area of expertise without obtaining leave of Court.

3. The Parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **Friday, May 5, 2023**. This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

4. The Parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **Friday, June 9, 2023**. This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

5. Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), for "Witnesses Who Must Provide A Written Report," no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(i)-(vi), for "Witnesses Who Must Provide A Written Report," the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.

e. **Identification of Persons to Be Deposed:**

**Plaintiff, The Townhomes at Morningside Village Owners Association, Inc.**:

| Deponent | Anticipated Length of Deposition |
|---|---|
| Paul Prislupsky | Up to 7 hours |
| William Ardoline | Up to 7 hours |
| Jason Plasters | Up to 7 hours |
| 30(b)(6) of AmGUARD Insurance Company | Up to 7 hours |
| Expert(s) engaged by Defendant | TBD |

**Defendant, AmGUARD Insurance Company**:

| Deponent | Anticipated Length of Deposition |
|---|---|
| 30(b)(6) of Plaintiff | Up to 7 hours |
| Plaintiff's public adjuster | Up to 7 hours |
| Plaintiff's experts | Up to 7 hours |
| Fact witnesses revealed through discovery | Up to 7 hours per witness |

## 10.  DATES FOR FURTHER CONFERENCES

a. Joint Status Report shall be filed no later than **February 1, 2023**. Counsel shall refer to this Court's practice standards for specifics.

b. A final pretrial conference will be held in this case on a date to be determined by Judge Daniel D. Domenico. A Final Pretrial Order shall be prepared by the Parties and submitted to the Court no later than seven (7) days before the Final Pretrial Conference.

## 11.  OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b. Anticipated length of trial and whether trial is to the court or jury.

    The Parties estimate a jury trial of five days will be necessary.

c.   Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The Parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel is expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by Judge Daniel D. Domenico who is the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a) and the Practice Standards for Civil Cases set forth by Magistrate Judge S. Kato Crews.

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 8th day of November 2022.

BY THE COURT:

*s/ S. Kato Crews*
United States Magistrate Judge S. Kato Crews

Dated: November 1, 2022

Respectfully submitted,

| | |
|---|---|
| *s/ Jonathan E. Bukowski* | *s/ Steven C. Swanson* |
| Larry E. Bache, Jr. | Matthew S. Ponzi, Esq. |
| Jonathan E. Bukowski | Steven C. Swanson, Esq. |
| MERLIN LAW GROUP, P.A. | Foran Glennon Palandech Ponzi & Rudloff PC |
| 1001 17th Street, Ste. 1150 | 700 17th Street, Suite 1350 |
| Denver, CO 80202 | Denver, CO 80202 |
| Telephone:   720.665.9680 | Telephone: 720-336-2230 |
| Facsimile:    720.665.9680 | E-Mail: mponzi@fgppr.com |
| Email:  lbache@merlinlawgroup.com | E-Mail: sswanson@fgppr.com |
|           jbukowski@ merlinlawgroup.com | |
| *Attorneys for Plaintiff, The Townhomes at Morningside Village Owners Association, Inc.* | *Attorneys for Defendant, AmGUARD Insurance Company* |